**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **ANNA ODOM,**<br><br>      Plaintiff,<br><br>      v.<br><br>**CLAY SUGGS, individually and as an employee of FRED'S STORES OF TENNESSEE, INC., and FRED'S STORES OF TENNESSEE, INC.,**<br><br>      Defendants. | Case No. 7:12-cv-91 (HL) |

**ORDER**

Before the Court is Defendant Clay Suggs' Motion to Dismiss (Doc. 9-1). In his Motion, Suggs claims that he is not a proper defendant in this case. No response was filed by Plaintiff Anna Odom to Suggs' Motion. Suggs' arguments are examined below in greater detail.

On a motion to dismiss, the Court must accept the factual allegations in the complaint as true and construe the complaint in the light most favorable to the plaintiff. SEC v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir. 1988). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). "Where the well pleaded facts do not permit

the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – that the pleader is entitled to relief." Id. at 1950. A complaint must contain enough facts to indicate the presence of the required elements. Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1302 (11th Cir. 2007). However, "conclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).

The allegations in this case are straightforward. Plaintiff Anna Odom ("Odom") alleges that Defendant Clay Suggs, Odom's supervisor at her place of employment, Fred's Stores of Tennessee ("Fred's"), sexually harassed her in violation of Title VII.[1] In her Complaint, Odom claims that "[t]he harassment involved inappropriate comments by Mr. Suggs directed at Mrs. Odom." (Doc. 1, ¶ 18.) She further claims that "[h]e also made inappropriate physical contact with Mrs. Odom and made sure her schedule matched his." Id.

In his Motion to Dismiss, Suggs argues that he is not a proper defendant in this case in either his individual or official capacity. As to the claims against him in his individual capacity, Suggs contends that this type of claim is misplaced under Title VII. On this point, Suggs is correct. The Eleventh Circuit has recognized that individual capacity suits under Title VII are inappropriate. Busby

---

[1] Specifically, 42 USC § 2000e-2 sets forth that "it shall be an unlawful employment practice for an employer to discharge or otherwise discriminate against any individual because of sex."

v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991). Thus, any claims against Suggs in his individual capacity are dismissed.

As to claims against him in his official capacity, Suggs contends that it is unnecessary to name his as a defendant where his employer is also named as a defendant, and Suggs is correct in this contention. Though this principle has not been explicitly stated by the Eleventh Circuit, this Court finds the case of Busby v. City of Orlando, 931 F.2d 764 (11th Cir. 1991), instructive. In that case, the Eleventh Circuit held that "the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly." Busby, 931 F.2d at 773. The use of the word "or" demonstrates that a plaintiff may seek relief in one of two ways: (1) suing the employees as agents or (2) suing the employer and not the employees. As this Court has previously held, it is unnecessary and duplicative to name employees as defendants to a suit when the employer has been properly named. Williams v. Lowndes County, 7:05-cv-69 (HL), 2006 WL 2443509 at *3 (M.D. Ga. Aug. 21, 2006). In this case, Odom has named both Fred's and Suggs in his official capacity as Defendants. It is unnecessary for both Fred's and Suggs to be named, and thus, the Court dismisses those claims against Suggs in his official capacity.

In sum, Suggs has presented evidence demonstrating that the claims against him in his individual and official capacities are meritless. For the reasons stated above, Suggs' Motion to Dismiss is granted. He shall be removed as a

3

Defendant in this case. The Clerk of Court is directed to amend the case caption accordingly.

    **SO ORDERED**, this 3rd day of December, 2012.

                                        */s/ Hugh Lawson*
                                        **HUGH LAWSON, SENIOR JUDGE**

ebr