**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **ANNA ODOM,**<br><br>     Plaintiff,<br><br>     v.<br><br>**FRED'S STORES OF TENNESSEE, INC.,**<br><br>     Defendant. | Civil Action No. 7:12-cv-91 (HL) |

**ORDER**

Before the Court is Defendant Fred's Stores of Tennessee, Inc. ("Fred's") Motion to Strike Plaintiff's Jury Demand (Doc. 15). For the reasons stated below, the Motion is denied.

In its Motion, Defendant Fred's argues that Plaintiff Anna Odom ("Odom") waived her right to a jury trial by signing a contractual waiver. The waiver to which Defendant refers was printed in the Fred's employee handbook on a page entitled "Team Member Handbook Statement." (Doc. 15-2, p. 2.) The waiver stated "I voluntarily waive and agree to waive trial by jury in all matters relating to my employment with Fred's." This statement was printed below a heading that read "WAIVER: READ CAREFULLY." At the end of the waiver provisions was a statement that read "I have received each of the applicable matters stated above have read each of the foregoing provisions and agree to abide by them, as may be amended by Fred's, in its sole and absolute discretion." Odom signed and

dated the Handbook Statement below these provisions. Fred's now argues that Odom's signature is sufficient to waive her right to a jury trial. In response, Odom argues that the waiver is not valid under Georgia law and should not apply in this case.

The issue of the validity of the jury waiver provision turns on whether state or federal law is applied. Under Georgia law, a jury waiver provision is invalid. Bank South, N.A. v. Howard, 264 Ga. 339, 444 S.E.2d 799 (1994) (holding that "pre-litigation contractual waivers of jury trial are not provided for by our Constitution or Code and are not to be enforced in cases tried under the laws of Georgia."); *see also* GE Commercial Finance Business Property Corp. v. Heard, 621 F. Supp. 2d 1305, 1308 (M.D. Ga. 2009) (recognizing that "contractual jury trial waivers in Georgia contracts are void and unenforceable under Georgia law"). However, under federal law, a jury waiver could be valid. Bakrac, Inc. v. Villager Franchise Sys., Inc., 164 Fed. App'x 820, 823-34 (11th Cir. 2006) ("A party may validly waive its Seventh Amendment right to a jury trial so long as the waiver is knowing and voluntary.") (citing Brookhart v. Janis, 384 U.S. 1, 4-5, 86 S. Ct. 1245 (1966)). For a valid waiver, federal law simply requires that the waiver be given knowingly and voluntarily. Collins v. Countrywide Home Loans, Inc., 680 F. Supp. 2d 1287, 1294 (M.D. Fla. 2010). To determine whether the waiver is knowing and voluntary, a court considers five factors including: (1) the conspicuousness of the provision in the contract; (2) the level of sophistication and experience of the parties entering into the contract; (3) the opportunity to

negotiate terms of the contract; (4) the relative bargaining power of each party; and (5) whether the waiving party was represented by counsel. Id.

The application of federal law to the question of jury waiver validity is often supported by language from a Supreme Court case, Simler v. Conner, 372 U.S. 221 (1963) (per curiam). In that case, the Court noted that "the right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions." Id. at 222. Following the guidance of Simler, circuit courts around the country have determined that the validity of a jury waiver is a question to be determined by federal law. See Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc., 500 F.3d 171, 188 (2d Cir. 2007) (noting that "[w]hen asserted in federal court, the right to a jury trial is governed by federal law"); Medical Air Technology Corp. v. Marwan Inv., Inc., 303 F.3d 11, 18 (1st Cir. 2002) (recognizing that "[i]n a diversity jurisdiction suit, the enforcement of a jury waiver is a question of federal, not state, law").

There is no clear precedent from the Eleventh Circuit dictating whether state or federal law applies to validity of jury waivers. Many district courts within the Eleventh Circuit apply the federal framework to determining the issue of whether a jury waiver is valid. See Collins, 680 F. Supp. 2d at 1294-95 (listing and applying the five factors associated with the federal framework); RREF RB-AL SLDL, LLC v. Saxon Land Development, LLC, 2:11-cv-925-MEF, 2012 WL 1366720 (M.D. Ala. 2012) (upholding a jury waiver based on application of the five factors); Sekesan v. Aegis Funding Corp., No. 09-62026-CIV, 2010 WL

3

1249443 (S.D. Fla. 2010) (applying the five factors and determining that the jury trial waiver was enforceable under federal law).

However, this case is distinguishable from the cases cited above. In those cases, there is no mention of any conflict with state law. Therefore, it is not surprising that federal law applied in a situation when there is no mention of state law. In contrast, in this case, the general federal law and state law are diametrically opposed. Federal law would permit the jury waiver; state law would strike the jury waiver. Because the cases from our sister district courts fail to address the issue of a conflict between federal and state law, the Court cannot rely on these cases for guidance.

Faced with this quandary and without any binding precedent to provide direction, the Court looks to the purpose of the federal law regarding the right to a jury trial. Jury trials are recognized as one of the most basic and essential pillars of our democratic society. *See* Jacob v. New York, 315 U.S. 752, 752-53 (1942) (recognizing that "[t]he right of a jury trial in civil cases at common law is a basic and fundamental feature of our system of federal jurisprudence which is protected by the Seventh Amendment. A right so fundamental and sacred to the citizen, whether guaranteed by the Constitution or provided by statute, should be jealously guarded by the courts."). It is a general policy favoring jury trials that underlies the principle that federal law should govern the right to a jury trial in federal court. Simler, 372 U.S. at 222 ("[t]he federal policy favoring jury trials is of historic and continuing strength.") However, in this case, contrary to this general

4

policy, an application of federal law would not serve to strengthen the policy favoring jury trials, but instead would extinguish a petitioner's right to a trial by jury. Based on this paradoxical outcome, it seems to the Court that an application of federal law would not serve to further the intent of the Supreme Court to favor jury trials. It seems that applying federal law in this case would accomplish the exact opposite outcome than what the Supreme Court intended.

The Court finds that when faced with an ambiguous situation without clear precedent, it is preferable to favor the preservation of rights as opposed to the extinction of rights. In this case, Georgia law is more stringent that federal law and preserves the right to a jury trial by disallowing pre-litigation waivers. This Court finds that Georgia law is more in line with the intent of the Supreme Court to uphold jury trials, and therefore, based on an application of Georgia law to the issue of jury waiver, Defendant Fred's Motion to Strike is denied. Plaintiff Odom's right to a trial by jury remains intact.

**SO ORDERED**, this 7th day of January, 2013.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr